UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KARON E. BAKER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 1:19-cv-00244-NT |
| v. | ) | |
| | ) | |
| DETECTIVE MATTHEW I. ESTES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint in which he alleges that Defendant Estes, an officer with the Augusta Police Department, seized Plaintiff's motor vehicle during an arrest, but has not returned the vehicle to Plaintiff despite a state court order that entitles Plaintiff to the property. (Complaint, ECF No. 1.) Plaintiff contends Defendant Pierce, who was evidently employed by or affiliated with a towing company, improperly sold the vehicle. Plaintiff seeks to recover the value of the vehicle.

With his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

3

Plaintiff has not asserted any facts that would invoke the Court's diversity jurisdiction. Although Plaintiff does not cite a specific basis for his claim, the only federal claim that Plaintiff's allegations could conceivably assert as the result of the loss of his property is a Fourteenth Amendment claim of denial of due process. However, "[w]hen a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, ... the [Supreme] Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of postdeprivation remedies provided by the state." *Lowe v. Scott,* 959 F.2d 323, 340 (1st Cir. 1992). As this Court explained:

> "[W]hen the challenged state action is a flaw in the official's conduct rather than a flaw in the state law itself" such conduct is considered "random and unauthorized," and the procedural due process claim is "limited to the issue of the adequacy of the postdeprivation remedies provided by the state." *Hadfield v. McDonough*, 407 F.3d 11, 19-20 (1st Cir. 2005) (citations omitted). There is no federal procedural due process claim where "the denial of process was caused by the random and unauthorized conduct of government officials and where the state has provided adequate post-deprivation remedies to correct the officials' random and unauthorized acts." *Id*. (citations omitted).

*Farris v. Poore*, 841 F. Supp. 2d 436, 439-40 (D. Me. 2012); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that "mere lack of due care" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional ... deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.").

Here, Plaintiff has not alleged the lack of or inadequacy of state post-deprivation remedies. In the absence of any facts that could establish the lack of suitable state post-

4

deprivation remedies, Plaintiff has failed to assert an actionable federal claim. Dismissal of Plaintiff's complaint, therefore, is warranted.[1]

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss the complaint without prejudice to Plaintiff's ability to seek relief in accordance with the post-deprivation remedies afforded by the state.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of July, 2019.

---

[1] Because Defendant Pierce is apparently affiliated with a private entity and Plaintiff has not alleged any facts from which the Court can discern the relationship between Defendant Pierce and Defendant Estes or the Augusta Police Department, Defendant Pierce is arguably not a "state actor" and thus the Fourteenth Amendment analysis might not apply to Defendant Pierce's alleged conduct. If Plaintiff had asserted an actionable federal claim against Defendant Estes, and if Plaintiff's allegations constituted a state law claim against Defendant Pierce, Plaintiff's state law claim against Defendant Pierce could be within the Court's supplemental jurisdiction in accordance 28 U.S.C. § 1367. However, because Plaintiff has not asserted a federal claim, there is no federal claim to which the state law claim would be related for purposes of the Court's supplemental jurisdiction. 28 U.S.C § 1367(a), (c); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007) (dismissal of state law claims upon declination of supplemental jurisdiction is without prejudice).