UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KARON E. BAKER, | ) |
|       Plaintiff | ) |
| v. | )    1:19-cv-00244-NT |
| DETECTIVE MATTHEW I. ESTES, et al., | ) |
|       Defendants | ) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND/
RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

In his original complaint, Plaintiff alleged that Defendant Estes, an officer with the Augusta Police Department, seized Plaintiff's motor vehicle during an arrest, but has not returned the vehicle to Plaintiff despite a state court order that entitles Plaintiff to the property. (Complaint, ECF No. 1.) Plaintiff also alleged that Defendant Pierce, who was evidently employed by or affiliated with a towing company, improperly sold the vehicle. Following a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. §1915A(a), I recommended that the Court dismiss Plaintiff's complaint. (Recommended Decision, ECF No. 9.)

Plaintiff subsequently objected to the recommended decision and moved to amend his complaint. (Objection, ECF No. 10; Motion, ECF No. 11.) The matter is before the Court on Plaintiff's motion to amend, through which motion Plaintiff seeks to supplement his claims against the defendants.

Federal Rule of Civil Procedure 15(a)(1) permits Plaintiff to amend his complaint once as a matter of course within 21 days of service of the complaint. The complaint has not been served upon either defendant. In accordance with Rule 15, therefore, Plaintiff's motion to amend is granted. Plaintiff's complaint is amended as Plaintiff requested.

Given that Plaintiff is a prisoner proceeding in forma pauperis, and given that he seeks relief from governmental entities, officers, and employees, his amended complaint is subject to review pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a). After the review, I recommend the Court dismiss Plaintiff's amended complaint.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).

## BACKGROUND FACTS[1]

Plaintiff alleges that he was arrested by Defendant Estes on March 29, 2018, and his vehicle, a Black Jeep Grand Cherokee, was seized. A warrant to search Plaintiff's vehicle was issued on April 4, 2018. On May 23, 2018, Plaintiff received a copy of the warrant with an attached inventory sheet listing items subject to forfeiture ($14,800 in cash, a cell phone, two USB drives, and three pairs of sneakers). Plaintiff contends that Defendant

---

[1] The facts set forth herein are derived from Plaintiff's complaint as amended.

Estes failed to inventory other property that was in the seized vehicle, including cash, clothing, jewelry, computer equipment, and business ledgers. Plaintiff alleges that while he was being held at the Kennebec County Jail awaiting trial, he and members of his family made numerous attempts to contact the Augusta Police Department to ascertain the status of his vehicle and the property that was in the vehicle at the time it was seized.

According to Plaintiff, Defendant Estes spoke with Plaintiff (through an intermediary) at the Kennebec County Jail on June 21, 2018. Plaintiff asserts that Defendant Estes informed Plaintiff that the vehicle was not being forfeited and that Defendant Estes asked Plaintiff to arrange for someone to pick up the vehicle as it was being released. Plaintiff asked Defendant Estes about the other property, but contends he received no response.

Because Plaintiff's family members reside in New York City, Plaintiff had difficulty arranging for the retrieval of the vehicle. Plaintiff contends that his daughter made attempts to contact Defendant Estes, but he was misled as to the status of property by the Augusta Police Department. On February 20, 2019, Plaintiff's daughter spoke with someone at the Augusta Police Department and was informed that the vehicle had been released to A.C. Towing Company/Defendant Pierce. Plaintiff's daughter contacted Defendant Pierce, who told her that the vehicle had been signed over to him on June 21, 2018, and subsequently sold. Defendant Pierce also said that the property inside the vehicle had been discarded.

Plaintiff alleges that on March 27, 2019, the Maine Superior Court granted Plaintiff's motion to return the property.

## DISCUSSION

In his amended complaint, in an attempt to address the deficiencies identified in the prior recommended decision, Plaintiff asserts additional facts regarding his efforts to obtain his property and the response of Defendants and the Augusta Police Department to his efforts. Plaintiff's substantive claim, however, remains the same: that Defendants improperly disposed of his property. The analysis of the prior recommended decision, therefore, governs the assessment of Plaintiff's amended complaint and is reiterated below.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

Plaintiff has not asserted any facts that would invoke the Court's diversity jurisdiction. Although Plaintiff does not cite a specific basis for his claim, the only federal claim that Plaintiff's allegations could conceivably assert as the result of the loss of his property is a Fourteenth Amendment claim of denial of due process. However, "[w]hen a deprivation of a property interest is occasioned by random and unauthorized conduct by

5

state officials, ... the [Supreme] Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of postdeprivation remedies provided by the state." *Lowe v. Scott,* 959 F.2d 323, 340 (1st Cir. 1992). As this Court explained:

> "[W]hen the challenged state action is a flaw in the official's conduct rather than a flaw in the state law itself" such conduct is considered "random and unauthorized," and the procedural due process claim is "limited to the issue of the adequacy of the postdeprivation remedies provided by the state." *Hadfield v. McDonough*, 407 F.3d 11, 19-20 (1st Cir. 2005) (citations omitted). There is no federal procedural due process claim where "the denial of process was caused by the random and unauthorized conduct of government officials and where the state has provided adequate post-deprivation remedies to correct the officials' random and unauthorized acts." *Id.* (citations omitted).

*Farris v. Poore*, 841 F. Supp. 2d 436, 439-40 (D. Me. 2012); *see also Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that "mere lack of due care" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional ... deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.").

Here, Plaintiff has not alleged the lack of or inadequacy of state post-deprivation remedies. In the absence of any facts that could establish the lack of suitable state post-deprivation remedies, Plaintiff has failed to assert an actionable federal claim. Dismissal of Plaintiff's amended complaint, therefore, is warranted.[2]

---

[2] Because Defendant Pierce is apparently affiliated with a private entity and Plaintiff has not alleged any facts from which the Court can discern the relationship between Defendant Pierce and Defendant Estes or the Augusta Police Department, Defendant Pierce is arguably not a "state actor" and thus the Fourteenth Amendment analysis might not apply to Defendant Pierce's alleged conduct. If Plaintiff had asserted an actionable federal claim against Defendant Estes, and if Plaintiff's allegations constituted a state law claim against Defendant Pierce, Plaintiff's state law claim against Defendant Pierce could be within the Court's supplemental jurisdiction in accordance 28 U.S.C. § 1367. However, because Plaintiff has not asserted a

## CONCLUSION

Based on the foregoing analysis, Plaintiff's motion to amend his complaint (ECF No. 11) is granted, and Plaintiff's proposed amendment is incorporated into the original complaint to constitute Plaintiff's amended complaint. The July 10, 2019, Recommended Decision (ECF No. 9) is withdrawn. Pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss the amended complaint without prejudice to Plaintiff's ability to seek relief in accordance with the post-deprivation remedies afforded by the state.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of August, 2019.

---

federal claim, there is no federal claim to which the state law claim would be related for purposes of the Court's supplemental jurisdiction. 28 U.S.C § 1367(a), (c); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007) (dismissal of state law claims upon declination of supplemental jurisdiction is without prejudice).